**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KOKILA KANEIYALAL PATEL, | No. 04-71459 |
| Petitioner, | Agency No. A036-381-651 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before: ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Kokila Kaneiyalal Patel, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to reopen.

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Camins v. Gonzales*, 500 F.3d 872, 876 (9th Cir. 2007), and we grant the petition for review and remand for further proceedings.

In concluding that Patel was ineligible for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act, the agency did not have the benefit of *Peng v. Holder*, 673 F.3d 1248, 1256-57 (9th Cir. 2012), in which we held that § 212(c) relief remains available to certain aliens who proceeded to trial prior to the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, or *Vartelas v. Holder,* 566 U.S. ——, 132 S.Ct. 1479 (2012), in which the Supreme Court discussed the role of a reliance inquiry when the antiretroactivity principle is invoked.

In light of this intervening caselaw, we remand to the BIA to determine Patel's eligibility for § 212(c) relief.

In light of our disposition, we need not address Patel's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**